Dear Judge Green:
This office is in receipt of your recent request for an opinion in which you present the following inquiry for our response: whether the 24th Judicial District Court Judges may vote by proxy at their en banc meetings and if so, under what circumstances might this be permitted?
"Proxy voting" was recently addressed by our office in opinion number 99-131, wherein our office quoted from Robert's Rules of Order and stated that it was a fundamental principle of parliamentary law that the right to vote is limited to the members of an organization who are actually present at the time the vote is taken in a legal meeting. Exceptions to this rule must be expressly stated in the bylaws. Such possible exceptions include the voting by mail and proxy voting.
Robert's Rules of Order defines a proxy as a power of attorney given by one member to another to vote in his stead; the term also designates the person or member who holds the power of attorney. Proxy voting is not permitted in ordinary deliberative assemblies unless the laws of the state in which the society is incorporated require it, or the charter or bylaws of the organization provide for it. Ordinarily it should neither be allowed or required, because proxy voting is incompatible with the essential characteristics of deliberative assembly in which membership is individual, personal, and nontransferable.
Louisiana's Open Meeting Laws, specifically LSA-R.S. 42:5B provides that each public body shall be prohibited from utilizing any manner of proxy voting procedure. However, in the case ofImbornone v. Early, 401 So.2d 953 (La. 1981) the court held, "It is evident from a review of R.S. 42:4.2 and of R.S. 42:4.1, which states the purpose of the requirement of open meetings, that the law is not intended to apply to the judiciary. This reasoning applies even when judges are acting in the performance of their rule making or administrative functions."
The court further stated, "We therefore conclude that the Legislature did not intend R.S. 42:4.1 through 42:12 to apply to actions of members of the judiciary in the appropriate exercise of their judicial function."
A review of the general local court rules of the 24th Judicial District Court provides for various en banc meetings of the court, but is silent with regard to any provisions allowing "proxy voting". It is the opinion of our office that until such time that the 24th Judicial District Court provides for "proxy voting" in its local rules that such would be prohibited.
I trust this addresses your concerns. Please contact this office should you require further assistance.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ____________________________ CHARLES H. BRAUD, JR. Assistant Attorney General
RPI:CHB, Jr./mjb